[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a Motion to Strike portions of the Defendant's Special Defenses and Counterclaims and their attendant prayers for relief.
The action is a suit on two promissory notes and certain guarantees for the payment of the two notes.
The First Special Defense alleges a violation of the Equal Credit Opportunities Act, 15 U.S.C. § 1691, et seq., (ECOA) in that the plaintiff required the defendant wives of several men named as defendants to sign for business related loans when the wives had no legal interest in, nor participation in the business.
This court finds that the Motion to Strike the First Special Defense should be granted. Invalidation of the entire obligation based on an ECOA violation against some of the individual defendants is too severe a remedy. Granting of the Motion to Strike does not prevent the individual defendants who were discriminated against from attempting to defeat the plaintiffs in a counterclaim, but to allow a violation of the ECOA to stand as a special defense for those not the subject of the discrimination is not warranted.
The Motion to Strike the Second Special Defense is denied. The plaintiff admits in their brief that the agreements with the defendants required it to act in good faith and with fair dealings. Although the defendants' Special Defense is not detailed or specific, it is a legally sufficient defense, the merits of which should be decided not in a Motion to Strike but by a trier of fact. A restatement of the plaintiff's claim that they did nothing more than try to enforce the agreed upon terms of the notes and guarantees does not undermine the admittedly CT Page 8507 bare bones allegations of the defendants' Second Special Defense.
The Motion to Strike the First Count of the Defendants' Counterclaim is denied. Once again, simply arguing the plaintiff's version of the facts does not destroy the legal sufficiency of the counterclaim. The court orders stricken the second paragraph labelled #22 in the defendants' second count of its counterclaim. The counterclaim itself stands based on the reasoning of the prior Motion to Strike.
The Motion to Strike the Tenth Count of the Counterclaim is granted.
The court also grants all paragraphs in the prayer for relief that seek to base that relief on a violation of § 15 U.S.C. § 1691e(d) as that special defense has been stricken from the complaint.
Thomas V. O'Keefe, Jr. Judge of the Superior Court